UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

MARIE ANTOINETTE CASTELLI,     )
                               )
    Petitioner,                )
                               )
v.                             )   Case No. 7:19-cv-01332-KOB-HNJ
                               )
WARDEN CHAD GARRETT,           )
                               )
    Respondent.                )

## MEMORANDUM OPINION

The Magistrate Judge entered a report (Doc. 14) on December 30, 2021, recommending the court dismiss Petitioner Marie Antoinette Castelli's § 2241 petition and amended petition along with her 18 U.S.C. § 3583 motion, (Docs. 1, 6), for lack of subject matter jurisdiction. (Doc. 14 at 13). The Magistrate Judge further recommended the court construe Castilli's claims as filed pursuant to *Bivens* and the Administrative Procedures Act and dismiss the civil action without prejudice for failure to state a claim upon which relief can be granted. (Doc. 14 at 13). The court received Castelli's objections on January 10, 2022. (Doc. 15).

    **I.**    **§ 2241 petition and 18 U.S.C. § 3583 motion**

Castelli raised challenges to the Bureau of Prisons' decision to deny her access to the Trust Fund Limited Inmate Computer System ("TRULINCS") messaging system. (Docs. 1, 6). The Magistrate Judge correctly found Castelli's claims do not

challenge "the fact or duration of [her] confinement," and as such are not cognizable under 28 U.S.C. § 2241. (Doc. 14 at 5) (quotation omitted). Consequently, this court must dismiss her habeas petition for lack of subject matter jurisdiction. Nothing in Castelli's objection changes this.[1] (*See* Doc. 15).

Similarly, nothing in Castelli's objection changes the fact that 18 U.S.C. § 3583 governs supervised release *after imprisonment*, and Castelli remains incarcerated. (*See* Doc. 15 at 9, 11). Therefore, the Magistrate Judge correctly concluded Castelli could not rely on § 3583 as an avenue for relief. (Doc. 14 at 5-6).

## II.   *Bivens* Claims

As to Castelli's *Bivens* claims, the Magistrate Judge correctly summarized the applicable law: In the absence of "special factors" justifying expansion, *Bivens* actions are typically limited to allegations of unreasonable search and seizure pursuant to the Fourth Amendment, gender discrimination pursuant to the Fifth Amendment, and failure to provide adequate medical treatment pursuant to the

---

[1] To the extent Castelli seeks to add additional claims by noting BOP denied her requests for "extra hard time served" due to COVID lockdown; noting BOP incorrectly stated Castelli had to be 65 to qualify for her "Elderly Early 2/3 Time Served Early Release Date;" and seeking early release to Texas to live with family so she can help with the birth of her first grandchild, (*see* Doc. 15 at 9), Castelli must first exhaust her administrative remedies with BOP as to those additional claims and then file a new cause of action with the appropriate court. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"); (*see also* Doc. 14 at 13 ("Objections should not contain new allegations, present additional evidence, or repeat legal arguments.")).

2

Eighth Amendment. (Doc. 14 at 7). Castelli's allegations do not justify an expansion of *Bivens*, and the Administrative Procedures Act provides Castelli with an alternative method to seek injunctive relief. (Doc. 14 at 6-7). As such, *Bivens* does not cognize Castelli's claims, and thus, her claims warrant dismissal.

### III.   Administrative Procedures Act

In her objection, Castelli merely restates arguments made in previous filings, which the Magistrate Judge considered and properly rejected. (*See generally* Docs. 1, 10, 14, 15). Nowhere in her lengthy objection does Castelli dispute she pleaded guilty to charges stemming from a post (or re-post) in a Facebook group in which Castelli provided victims' contact information with calls for violence against them.[2] (*See generally* Doc. 15). As such, BOP's decision to restrict Castelli's access to email through the TRULINCS messaging system was not arbitrary, capricious, or an abuse of discretion.

Furthermore, as the Magistrate Judge correctly found, given the charges to which Castelli pleaded guilty, "the [email] restriction is not an exaggerated response to the security concerns of the prison, a concern that also includes the safety of private citizens." (Doc. 14 at 12). As such, BOP's decision to limit Castelli's access

---

[2] Castelli admits the post (or re-post) "'prayed' for karma by Muslim Army/Freedom Fighters because a drone supposedly killed [the original poster's] family." (Doc. 15 at 5).

to email through the TRULINCS message system did not constitute an unconstitutionally overbroad restriction.

After careful consideration of the record in this case and the Magistrate Judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds Castelli's § 2241 petition and amended petition along with her 18 U.S.C. § 3583 motion, (docs. 1, 6), are due to be **DISMISSED** for lack of subject matter jurisdiction. The court further finds that Castilli's claims should be construed as filed pursuant to *Bivens* and the Administrative Procedures Act, and those claims are due to be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

The court will enter a separate Final Order.

**DONE** and **ORDERED** this 14th day of June, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE